UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AUGUSTUS M. BROWN,

        Plaintiff,

    v.

CALIFORNIA DEPARTMENT OF
REHABILITATION,

        Defendant.

Case No.  13-cv-05730-MEJ

**ORDER DISMISSING CASE WITHOUT
PREJUDICE FOR FAILURE TO
PROSECUTE**

**BACKGROUND**

On December 11, 2013, Plaintiff Augustus M. Brown filed a Complaint and an
Application to Proceed In Forma Pauperis.  Plaintiff has consented to the jurisdiction of a United
States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  On December 30, 2014, the Court
granted Plaintiff's in forma pauperis application and dismissed the Complaint with leave to
amend.  Dkt. No. 6.  The Court informed Plaintiff that it was unable to determine whether he
stated any claims upon which relief can be granted because, although he stated at least 11 causes
of action on the caption page, the body of the Complaint is mostly one long paragraph without any
connection between the alleged facts and causes of action.  *Id.*  The Court ordered Plaintiff to file
any amended complaint by January 30, 2014, and warned him that failure to file an amended
complaint by this deadline would result in the dismissal of this case with prejudice.  *Id.*  The Court
directed the Clerk of Court to close the file if Plaintiff failed to file an amended complaint by
January 30.

As of February 3, 2014, Plaintiff had failed to file an amended complaint.  Accordingly,
the Court ordered him to show cause why this case should not be dismissed for failure to prosecute
and failure to comply with court deadlines.  Dkt. No. 7.  The Court provided notice to Plaintiff that

it may dismiss the case if he failed to respond by the deadline.  As of the date of this Order, Plaintiff has not responded to the order to show cause and has not filed an amended complaint. Based on this procedural history, the Court finds it appropriate to dismiss this case pursuant to Federal Rule of Civil Procedure 41(b).

**LEGAL STANDARD**

Under Rule 41(b), "the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also Oliva v. Sullivan*, 958 F.2d 272, 273-74 (9th Cir. 1992) (district court may dismiss sua sponte for failure to meet court deadline).  "[T]he district court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'"  *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'"  *In re Phenylpropanolamine (PPA) Products Liab. Litig.* ("*In re PPA*"), 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)).  Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

**DISCUSSION**

Here, the Court finds that the *Henderson* factors support dismissal.  First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Plaintiff has delayed adjudication of the claims in this case by failing to file an amended complaint and failing to respond to this Court's show cause order.

Second, the Court's need to manage its docket also weighs in favor of dismissal.  Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket." *Ferdik*, 963 F.2d at 1261.

United States District Court
Northern District of California

2

As for the third *Henderson* factor, the mere pendency of a lawsuit cannot constitute sufficient prejudice to require dismissal. *Yourish*, 191 F.3d at 991. However, "prejudice . . . may . . . consist of costs or burdens of litigation." *In re PPA*, 460 F.3d at 1228. Moreover, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002). A plaintiff has the burden of demonstrating a non-frivolous reason for failing to meet a court deadline. *Id.*; *see also Yourish*, 191 F.3d at 991. Here, Plaintiff has failed to respond to the Court's Order to Show Cause and has not otherwise offered an explanation for the failure to file an amended complaint. Therefore, the Court concludes that the third *Henderson* factor also supports dismissal.

The fourth *Henderson* factor normally weighs strongly against dismissal. *See, e.g., Hernandez*, 138 F.3d at 399. "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d at 1228. The Ninth Circuit has "recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)). Thus, if the fourth *Henderson* factor weighs against dismissal here, it does so very weakly.

Finally, the Court has already attempted less drastic sanctions, without success, and therefore determines that trying them again would be inadequate or inappropriate. "Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Here, the Court already attempted the lesser sanction of issuing an Order to Show Cause and giving Plaintiff an opportunity to explain the failure to file an amended complaint. As Plaintiff failed to respond, ordering him to respond again is likely to be futile. *See, e.g., Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing an Order to Show Cause and giving the plaintiff an additional opportunity to re-plead). Further, the Order to Show Cause warned Plaintiff of the risk of dismissal; thus Plaintiff cannot maintain

that the Court has failed in its "obligation to warn the plaintiff that dismissal is imminent." *Oliva*, 958 F.2d at 274.  Thus, the Court finds that the fifth factor also weighs in favor of dismissal.

### CONCLUSION

Based on the analysis above, the Court finds that at least four of the five *Henderson* factors weigh in favor of dismissal.  Plaintiff failed to file an amended complaint or respond to the order to show cause.  Thus, Plaintiff has failed to prosecute this case and dismissal is appropriate.  However, a less drastic alternative is to dismiss without prejudice.  *See Ferdik*, 963 F.2d at 1262.  Dismissal will minimize prejudice to Defendants, but dismissing the case without prejudice will preserve Plaintiff's ability to seek relief.  Thus, "[i]n an abundance—perhaps overabundance—of caution," the Court finds that dismissal without prejudice is appropriate.  *Faulkner v. ADT Security Servs., Inc.*, 2013 WL 174368, at *4 (9th Cir.  Jan. 17, 2013) (remanding to the district court in order to consider whether dismissal should have been without prejudice).

Accordingly, the Court DISMISSES this case WITHOUT PREJUDICE for failure to prosecute and failure to comply with the Court's deadlines and orders.

**IT IS SO ORDERED.**

Dated: February 24, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge

United States District Court
Northern District of California

4